,(83 App. Div. 428.)

## DEAGAN v. KING et al.

(Supreme Court, Appellate Division, First Department.   May 22, 1903.)

1. REFERENCE—REPORT—AMENDMENT—SUFFICIENCY OF SHOWING.
    An affidavit of defendants' attorney that the referee had stated that he had decided the case on the merits, and that it was by an inadvertence his report did not state that the complaint was dismissed on the merits, no affidavit by the referee himself being filed, will not warrant an order directing the amendment of his report so as to show a direction for judgment on the merits.

2. SAME—LIMITATIONS.
    Under Code Civ. Proc. § 724, providing that the court may, in its discretion, any time within one year from notice thereof, relieve a party from a judgment, etc., and section 1282, providing that a motion to set aside a final judgment for irregularity shall not be heard after one year from filing of the judgment roll, unless notice is given within the year, an application, more than 18 months after the report of a referee, for an order vacating the judgment rendered and requiring the amendment of the report so as to show a direction for a judgment on the merits, is too late.

Appeal from Judgment on Report of Referee.

Action by Mary Deagan against Vincent C. King, Jr., and another, as executors.   From an order vacating a judgment entered on the report of a referee, and referring the matter back for an amended report, plaintiff appeals.   Reversed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Denis Quinn, for appellant.

William A. Boyd, for respondents.

PER CURIAM.   Judgment was entered in this action upon the report of a referee in April, 1901.   In February, 1903, an order was entered directing that the judgment be vacated, and the matter sent back to the referee "to amend his report by stating that the complaint herein was dismissed upon the merits and that judgment be entered upon the merits."   The order was based upon the report of the referee, the judgment entered, and an affidavit of the attorney for the defendants which set forth the history of the action, that the referee had stated he had decided the case upon the merits, and that it was by an inadvertence his report did not state that the complaint was dismissed upon the merits.   The affidavit of the referee is not presented to the effect that he made a mistake, or that the report made by him is not in the form in which he intended it to be, and, if it is, then the court has no power to order him to change it.   If the plaintiff was not satisfied with the judgment entered upon the report, he should have appealed from it, instead of acquiescing in it for upwards of 18 months. The statement contained in the affidavit of defendants' attorney, to the effect that the referee had stated that it was by an inadvertence the report did not state that the complaint was dismissed upon the merits, is quite insufficient to authorize the court to direct, by order, the referee to change his report.   The court has no power to direct a referee to decide one way or the other, or to change his report

after it has been made, or to permit him to make a new report for the purpose of correcting a mistake inadvertently made therein, unless such mistake be clearly and satisfactorily shown by competent evidence, and that fact does not here appear—to say nothing of the laches of the defendants, or that they did not move within one year. Code Civ. Proc. §§ 724, 1282.

The order appealed from is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

